**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| RACHEL B.[1], | : | Case No. 3:20-cv-471 |
| Plaintiff, | : | |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (by full consent of the parties) |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

**DECISION AND ENTRY**

Plaintiff Rachel B. brings this case challenging the Social Security Administration's denial of her application for Supplemental Security Income. The case is before the Court upon Plaintiff's Statement of Errors (Doc. #11), the Commissioner's Memorandum in Opposition (Doc. #14), Plaintiff's Reply (Doc. #15), and the administrative record (Doc. #10).

**I.    Background**

The Social Security Administration provides Supplemental Security Income to individuals who are under a "disability," among other eligibility requirements. *Bowen v. City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. § 1382(a). The term "disability" encompasses "any medically determinable physical or mental impairment" that precludes an applicant from performing "substantial gainful activity." 42 U.S.C. § 1382c(a)(3)(A); *see Bowen,* 476 U.S. at 469-70.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs only by their first names and last initials. *See also* S.D. Ohio General Rule 22-01.

In the present case, Plaintiff applied for benefits on February 1, 2018, alleging disability due to several impairments, including central auditory processing disorder, migraines, pseudo tumor cerebri with papilledema, fibromyalgia, irritable bowel syndrome, depression, anxiety, arthritis, vertigo, and scoliosis. (Doc. #10-6, *PageID* #274). After Plaintiff's application was denied initially and upon reconsideration, she requested and received a hearing before Administrative Law Judge (ALJ) Jeffrey Raeber. Thereafter, the ALJ issued a written decision, addressing each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 416.920. He reached the following main conclusions:

Step 1: Plaintiff has not engaged in substantial gainful employment since February 1, 2018.

Step 2: She has the severe impairments of fibromyalgia, osteoarthritis, obesity, migraines, depressive disorder, and anxiety disorder.

Step 3: She does not have an impairment or combination of impairments that meets or equals the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

Step 4: Her residual functional capacity, or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consists of "sedentary work… except [Plaintiff] can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps or stairs. She can occasionally balance, stoop, kneel, crouch, and never crawl. She can have occasional exposure to extreme heat and cold. She can have occasional exposure to pulmonary irritants such as fumes, dust, gases, odors and poor ventilation. She must avoid the use of moving machinery, commercial driving, and unprotected heights. She can perform unskilled (SVP 1-2) work. The work environment must be free of fast-paced production requirements and involve only routine work place changes. She is limited to no public contact. She can have occasional interaction with co-workers and supervisors. She is limited to superficial contact with others, defined as no tasks involving arbitration, negotiation, confrontation, directing the work of others, persuading others or being responsible for the safety or welfare of others."

She has no past relevant work.

>Step 5:  She could perform a significant number of jobs that exist in the national economy.

(Doc. #10-2, *PageID* #s 48-58). Based on these findings, the ALJ concluded that Plaintiff was not under a benefits-qualifying disability. *Id.* at 59.

The evidence of record is adequately summarized in the ALJ's decision (Doc. #10-2, *PageID* #s 48-59), Plaintiff's Statement of Errors (Doc. #11), the Commissioner's Memorandum in Opposition (Doc. #14), and Plaintiff's Reply (Doc. #15). To the extent that additional facts are relevant, they will be summarized in the analysis below.

## II.  Standard of Review

Judicial review of an ALJ's decision is limited to whether the ALJ's finding are supported by substantial evidence and whether the ALJ applied the correct legal standards. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007). Substantial evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir.2007)). It is "less than a preponderance but more than a scintilla." *Id.*

The second judicial inquiry—reviewing the correctness of the ALJ's legal analysis—may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Under this review, "a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

3

**III.     Discussion**

In her Statement of Errors, Plaintiff asserts ALJ Raeber erred in his assessment of the medical opinions. (Doc. #s 11, 15). Specifically, Plaintiff argues that ALJ Raeber improperly evaluated medical opinions from his treating source, Dr. Dhia Y. Aldoori, as well as the state agency consulting examiners, Drs. Amita Oza and Ryan Wagner. *Id*.  In contrast, the Commissioner maintains that the ALJ properly weighed the medical source opinions and that substantial evidence supports the ALJ's decision. (Doc. #14)

**A.     Medical Opinions**

Social Security Regulations require ALJs to adhere to certain standards when weighing medical opinions. Those standards recently changed for claims filed on or after March 27, 2017. 20 C.F.R. §§ 416.920c, 416.927. Because Plaintiff's claim for disability was filed on February 1, 2018, the Social Security Administration's new regulations for evaluating medical opinion evidence apply to this case.

Previously, the Social Security Administration followed the "treating physician rule," which required an ALJ to give "controlling weight" to a treating source's opinion so long as it was "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and "not inconsistent with the other substantial evidence" in the record. 20 C.F.R. § 416.927(c)(2); *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013).

However, the new regulations changed this standard for applications filed on or after March 27, 2017. 20 C.F.R. § 416.920c. Under the new regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) …." 20 C.F.R. § 416.920c(a). Instead, the new regulations direct the ALJ to evaluate the persuasiveness of each

4

medical opinion by considering the five following factors: (1) supportability; (2) consistency; (3) relationship with the plaintiff; (4) specialization; and (5) any other factor "that tend[s] to support or contradict a medical opinion or prior administrative medical finding." § 416.920c(c). Further, because the regulations consider supportability and consistency the "most important factors," ALJs are obligated to "explain how [they] considered the supportability and consistency factors for a medical source's medical opinions," while they "may, but are not required to, explain how [they] considered" the remaining factors. § 416.920c(b)(2).

With respect to the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) ... the more persuasive the medical opinions ... will be." § 416.920c(c)(1). Similarly, with respect to the consistency factor, "[t]he more consistent a medical opinion(s) ... is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) ...." § 416.920c(c)(2).

Thus, while these new regulations are more relaxed than the former rules governing the evaluation of medical opinions, "they still require that the ALJ provide a coherent explanation of [his] reasoning." *Lester v. Saul*, No. 5:20-CV-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 5:20CV1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). At bottom, the new regulations "set forth a 'minimum level of articulation' to be provided in determinations and decisions, in order to 'provide sufficient rationale for a reviewing adjudicator or court.'" *Warren I. v. Comm'r of Soc. Sec.*, No. 5:20-CV-495 (ATB), 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01, 5858 (January 18, 2017)). An "ALJ's failure to meet these minimum levels of

5

articulation frustrates [the] court's ability to determine whether [the plaintiff's] disability determination was supported by substantial evidence." *Id*.

In this case, Plaintiff's principal assignment of error rests with the ALJ's review of her treating physician, Dhia Y. Aldoori, M.D. (Doc. #11, *PageID* #s 1116-18). In addition to the treatment records from his office, Dr. Aldoori submitted a letter in March 2019 stating that "[d]ue to [Plaintiff's] chronic medical condition of fibromyalgia, I am of the opinion th[at] [Plaintiff] isn't able to be gainfully employed for at least 1 year and possibly more than 3 years." (Doc. # 10-8, *PageID* #1049). Additionally, in October 2019, Dr. Aldoori evaluated Plaintiff and completed a Medical Impairment Questionnaire related to her fibromyalgia. (Doc. #10-9, *PageID* #s 1098-99). Here, Dr. Aldoori indicated that Plaintiff is diagnosed with fibromyalgia, which was supported by findings including: the presence of widespread pain for at least three months; pain on the right and left sides of the body, both above and below the waist; pain in the axial skeleton, and pain on palpitation in at least eleven of eighteen tender points. *Id*. at 1098. Her treatment plan included Zoloft, supplements, and lifestyle changes. *Id*.

Dr. Aldoori also indicated that Plaintiff exhibited additional signs and symptoms, including: a history of widespread pain for three or more months; pain in eleven or more pressure points; stiffness; irritable bowel syndrome; tension headaches; paresthesias; sleep disturbance; and chronic fatigue. *Id*. at 1099. As a result, he opined that Plaintiff could only work for two hours a day, occasionally lifting ten pounds, frequently lifting five pounds, occasionally bending and raising her arms over shoulder level, and never stooping. *Id*. Dr. Aldoori also indicated that while Plaintiff could sit or stand for fifteen minutes at one time, she would be unable to sit or stand at all during the workday. *Id*.

6

In reviewing Dr. Aldoori's opinion, ALJ Raeber simply stated: "[t]he opinions of Dr. Doori [sic] are not consistent with the record and are not supported by Dr. Al Doori's [sic] own findings, which often showed limited physical examination findings." (Doc. #10-2, *PageID* #56).

The ALJ's review falls short in a number of respects. First, while ALJ Raeber purports to address the "supportability" factor by stating that Dr. Aldoori's opinions "are not supported by [his] own findings, which often showed limited physical examination findings," this statement fails to provide any explanation as to how these findings affected the persuasiveness of Dr. Aldoori's opinion. *See* 20 C.F.R. § 416.920c(b). Moreover, despite using the word "supported," this statement does not actually address the "supportability" factor, which focuses on the relevancy of the objective medical evidence and supporting explanations presented by the medical source in support of his opinions. *Id.* at § 416.920c(c)(1). Here, the ALJ appears to be focused on whether Dr. Aldoori's opinions are supported by other findings in the record as opposed to the findings and symptoms cited by Dr. Aldoori in opining on Plaintiff's functional limitations.

Similarly, the ALJ's single conclusory statement that Dr. Aldoori's opinions "are not consistent with the record" does not pass muster. Providing such a perfunctory statement without citing to any evidence or explaining the alleged inconsistencies is insufficient under the mandatory new articulation requirement contained in 20 C.F.R. § 416.920c(b)(2). The plain language of the regulation is unquestionably clear that an ALJ must "set forth a 'minimum level of articulation'" as to how she considered the supportability and consistency factors for a medical's source's opinion. *Warren I*, 2021 WL 860506, at *8; 20 C.F.R. § 416.920c(b) ("We *will* articulate in our determination or decision how persuasive we find all of the medical opinions ... in your case record[.]") (emphasis added); 20 C.F.R. § 416.920c(b)(2) ("[W]e *will* explain how we considered the supportability and consistency factors for a medical source's medical opinions ... in your

7

determination or decision.") (emphasis added). Indeed, while the regulations allow an ALJ flexibility as to whether he needs to discuss the other factors weighing on the persuasiveness of a medical opinion, they mandate that the ALJ set forth his rationale on what are deemed to be the two most important factors—supportability and consistency. *See id*.

Additionally, the Commissioner's *post hoc* rationalization of how ALJ Raeber could have applied the factors to Dr. Aldoori's medical opinion based on his recitation of Plaintiff's medical history does not cure this deficiency. The regulations do not call for the reviewing court or the Commissioner to comb through the record after the ALJ has rendered his decision and "imagine manifold ways in which the factors could have been applied to the evidence that was presented." *Hardy v. Comm'r of Soc. Sec.*, No. 20-10918, 2021 WL 3702170, at *6 (E.D. Mich. Aug. 13, 2021). Instead, it is the obligation of the ALJ "in the first instance to show his or her work, *i.e.*, to explain in detail *how the factors actually were applied* in each case, to each medical source." *Id*. As such, by not fully explaining how he considered the "supportability" and "consistency" factors when evaluating the persuasiveness of Dr. Aldoori's medical opinions, ALJ Raeber failed to meet the minimum levels of articulation required by the regulations, thus frustrating the Court's ability to determine whether Plaintiff's disability determination was supported by substantial evidence. *See Warren I*, 2021 WL 860506, at *8.

Based on the record presented, remand is necessary for further review and compliance with the new articulation standard. The failure to fully articulate the analysis of the "supportability" and "consistency" factors is not harmless as Dr. Aldoori's opinion contain limitations that are more restrictive than those provided in the ALJ's formulated restrictive functional capacity. Accordingly, for the above reasons, Plaintiff's Statement of Errors is well taken.[2]

---

[2] In light of the above discussion, and the resulting need to remand this case, an in-depth analysis of Plaintiff's other challenges to the ALJ's decision is unwarranted.

**B.     Remand**

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons supported by substantial evidence for finding the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under sentence four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under sentence four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is not overwhelming and the evidence of disability is not strong while contrary evidence is lacking. However, Plaintiff is entitled to have this case remanded to the Social Security Administration pursuant to sentence four of § 405(g) due to the problems discussed above. On remand, the ALJ should be directed to evaluate the evidence of record, including the medical

9

source opinions, under the applicable legal criteria mandated by the Commissioner's Regulations and Rulings and by case law; and to evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether her application for Supplemental Security Income should be granted.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Statement of Errors (Doc. # 11) is **GRANTED**;

2. The Commissioner's non-disability finding is **VACATED**;

3. No finding is made as to whether Plaintiff Rachel B. was under a "disability" within the meaning of the Social Security Act;

4. This matter is **REMANDED** to the Social Security Administration under sentence four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Entry; and

5. The case is terminated on the Court's docket.

March 16, 2022

*s/Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge